Les JANKEY; et al., Plaintiffs–Appellants,

v.

**LOS BURRITOS, INC., a California corporation; et al., Defendants–Appellees.**

Les Jankey; et al., Plaintiffs–Appellees,

v.

**Los Burritos, Inc., a California corporation; et al., Defendants–Appellants.**

Nos. 06–56720, 06–56734.

United States Court of Appeals, Ninth Circuit.

Argued Feb. 7, 2008.

Resubmitted July 27, 2009.

Filed Aug. 25, 2009.

Julia M. Adams, Thomas E. Frankovich, Thomas E. Frankovich A Professional Law Corporation, San Francisco, CA, for Plaintiffs–Appellees.

James S. Link, Pasadena, CA, for Defendants–Appellants.

Before: GRABER and BERZON, Circuit Judges, and WILKEN,* District Judge.

MEMORANDUM **

Plaintiffs Les Jankey, an individual with a physical disability, and Disability Rights Enforcement Education Services appeal the district court's denial of their motion for judgment as a matter of law. Plaintiffs sued Defendants Los Burritos, Inc., Magda Bass, and Lakewood Development Properties under California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ.Code § 51. Plaintiffs alleged that Defendants failed to remove architectural barriers at a Los Burritos restaurant in North Hollywood, California, a place of public accommodation, in violation of the Unruh Act. After a trial on the merits, a jury found in favor of Defendants. Plaintiffs filed a motion for judgment as a matter of law, claiming that the district court erred in its instructions to the jury and that the jury's verdict was wrong. The district

* The Honorable Claudia Wilken, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

court denied that motion. Plaintiffs timely appealed. Defendants filed a timely cross-appeal, arguing that California state law requires proof of "actual damages" in order for a plaintiff to receive statutory damages.

1. We review de novo a district court's denial of a renewed motion for judgment as a matter of law. *White v. Ford Motor Co.*, 312 F.3d 998, 1010 (9th Cir.2002). A district court errs only if "the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to that of the jury." *Id.* (internal quotation marks omitted).

We also review de novo whether a jury instruction correctly states the law. *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir.2005). If the instruction contains error, we review for harmless error. *Id.* at 805. An error is harmless if "it is more probable than not that the jury would have reached the same verdict had it been properly instructed." *Id.* at 811 (internal quotation marks omitted).

■ After judgment entered in this case, the California Supreme Court held that a plaintiff who establishes a violation of the Americans with Disabilities Act need not prove intentional discrimination in order to obtain damages under the Unruh Act. *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 94 Cal.Rptr.3d 685, 208 P.3d 623 (2009). Here, the district court instructed the jury that, in order to award damages on the Unruh Act claim, it must find that Plaintiff Jankey's disability "was a motivating factor" for Defendants' denial of full and equal accommodations. The district court defined "motivating factor" as "something that moves the will and induces action." Defining "motivating factor" in such a way may be read to require a showing of intentional discrimination. In

light of *Munson,* therefore, the district court's jury instruction was erroneous.

■ The error is not harmless because we do not know why the jury reached the verdict it did. The jury could have found that Jankey never visited Los Burritos at all, or the jury could have found that he did but that Los Burritos did not act intentionally. If the jury found the latter, which it very well might have, then the erroneous instruction affected the verdict.

■ 2. With respect to Defendants' cross-appeal regarding damages, we affirm. Contrary to Defendants' assertions, California state law does not require a plaintiff to prove actual damages in order to obtain statutory damages. Rather, section 52(a) of the Unruh Act states:

Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

Cal. Civ.Code § 52(a). In *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir.2000), we observed that section 52(a) "lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover." We therefore held that "proof of actual damages is not a prerequisite to recovery of statutory minimum damages." *Id.*

REVERSED and REMANDED on appeal; AFFIRMED on cross-appeal. Plaintiffs are awarded costs on appeal.

GRABER, Circuit Judge, dissenting:

I respectfully dissent with respect to the appeal, because I think it is clear that the jury found that Jankey did not visit the restaurant. Jankey made inconsistent statements at trial regarding his alleged visits to Los Burritos. No witness testified that he had been there. The only evidence he produced, other than his own inconsistent testimony, was a cash receipt, but it did not contain his name or any other identifying information. The jury sent written questions to the judge inquiring about the absence of various kinds of corroborative evidence as to Jankey's alleged visits to the restaurant. In the circumstances, I am convinced that the jury found that Jankey never went to the restaurant and, therefore, that the instructional error was harmless under the standard set in *Dang v. Cross*, 422 F.3d 800, 811 (9th Cir.2005).[1]

1. Because I find that the instructional error was harmless, I would not reach Defendants' cross-appeal.